UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CARLOS AGUIAR,<br><br>Defendant. | Criminal No. 04cr355-03 (CKK)<br>(Civil Action No. 12-1553) |

MEMORANDUM OPINION
(February 27, 2015)

Presently before the Court is Carlos Aguiar's [867] Traverse to the Government's Answer under 28 U.S.C. § 2255 Motion to Dismiss or Alternative Request for Summary Judgment ("Traverse") received in chambers on February 25, 2015, which the Court shall treat as a motion for reconsideration of its [862] February 12, 2015, Order denying Aguiar's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 for the reasons described herein. Upon a searching review of Aguiar's motion, the relevant legal authorities, and the record as a whole, the Court finds no grounds to disturb its [862] Order denying Aguiar's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and accompanying [863] Memorandum Opinion. Accordingly, the Court shall DENY Aguiar's [867] Traverse to the Government's Answer under 28 U.S.C. § 2255 Motion to Dismiss or Alternative Request for Summary Judgment which the Court is treating as motion for reconsideration. In addressing the instant motion, the Court has focused on the narrow issues raised by Aguiar in his motion for reconsideration and shall not readdress the other issues discussed in its February 12, 2015, Memorandum Opinion.

On December 16, 2014, the Court issued an [847] Order directing the government to file

a supplemental brief to its [804] Memorandum in Opposition to Aguiar's § 2255 Motion responding to specific questions regarding a plea offer that was placed on the record during a status hearing held in this matter on January 31, 2005.  On January 14, 2015, the government filed its [852] response to that Order as directed.  On February 12, 2015, this Court issued an [862] Order denying Aguiar's § 2255 motion along with an accompanying [863] Memorandum Opinion based on the record before it.  *See* Memo. Op. (Feb. 12, 2015), at 2 n.1, ECF No. [862].  Aguiar's Traverse was received in the Clerk's Office on February 9, 2015, but was mistakenly forwarded by the Clerk's Office to the U.S. Probation Office rather than to the Court.  The error was discovered, and the Traverse was entered in ECF and first received in chambers on February 25, 2015.  Accordingly, it was not considered by the Court in its February 12, 2015, decision.  The Court notes that Aguiar's Traverse was submitted in response to the government's [852] response to the Court's order requesting specific information regarding the plea offer extended to Aguiar.[1]  The Court did not request a response to that document from Aguiar.  Nonetheless, the Court shall treat the Traverse as a motion for reconsideration of its Order denying Aguiar's §

---

[1] Pursuant to that Order, the Court requested that the government indicate: (1) when the plea offer placed on the record during the status hearing held on January 31, 2005, was extended to Defendant Carlos Aguiar and when the offer expired; (2) whether Aguiar's plea offer placed on the record during that hearing was wired to the plea offers for any other codefendants and, if so, which codefendants; and (3) if Aguiar's plea offer was wired, whether the Government would have "unwired" the plea offer if Aguiar cooperated with the Government.  Order (Dec. 16, 2014), ECF No. [847].  Aguiar is not challenging the answers provided by the government as to the three questions.  The Court requested this information in order to evaluate Aguiar's claim in his § 2255 motion that his trial counsel was ineffective for failing to advise him of the sentencing consequences of a conviction for two violations of 18 U.S.C. § 924(c).  The Court sought to determine which indictment was pending at the time that the plea offer was extended and expired, because three superseding indictments were filed in this matter.  As discussed in the Memorandum Opinion, the Court ultimately denied Aguiar's ineffective assistance of counsel claim as to this issue because at the time of the plea offer, Aguiar was not charged with any violations of 18 U.S.C. § 924(c).  Memo. Op. (Feb. 12, 2015), at 8-16.

2255 motion because the Traverse already had been received by the Clerk's Office prior to the Court issuing its decision but was not considered by the Court as part of that decision due to a clerical error.

In its response the Court's order, the government provided some additional details about the plea offer that was extended to and rejected by Aguiar, and discussed on the record during the January 31, 2005, status hearing. Specifically, the government indicated that the plea offer was extended to Aguiar on or about September 17, 2004, and expired on September 27, 2004, and the plea offer was not "wired" to the plea offers of any other codefendant. Govt.'s Resp. to Order of the Court, at 1-2, ECF No. [852]. Further, the government attached as an exhibit a plea letter dated September 17, 2004, that was sent by the prosecutor to Tony L. Booker, Aguiar's trial counsel, memorializing the terms of the offer. *Id.* at Ex. A (Letter dated Sept. 17, 2004), ECF No. [852-1].

In his motion, Aguiar raises three concerns related to the government's response. First, Aguiar contends that his trial counsel never showed him the plea letter and, if he had, Aguiar would have accepted the plea offer. Def.'s Traverse at 3, 5-6, ECF No. [867]; Def.'s Traverse, Ex. A, at 1 (Declaration of Carlos Aguiar). Aguiar also argues that his trial counsel never advised him that the plea offer would not have required Aguiar to cooperate with the government and, if he had known this information, he would have accepted the plea offer. Def.'s Traverse at 4-5. Finally, Aguiar argues that he would have accepted a 30-year plea offer instead of proceeding to trial had he fully understood the terms of the plea offer. *Id.* at 6. The Court notes that Aguiar's ineffective assistance of counsel claim in his original § 2255 motion and reply was premised on his trial counsel's alleged failure to advise him of the sentencing consequences of

being convicted of two violations of 18 U.S.C. § 924(c) prior to his rejection of the plea offer which the Court denied in its earlier Memorandum Opinion. *See* Memo. Op. (Feb. 12, 2015), at 8-16; Def.'s Memo. at 6-10, ECF No. [808-1]; Def.'s Reply at 2-8, ECF No. [817]. Aguiar's argument in his instant motion differs slightly from his original contention.

A defendant claiming ineffective assistance of counsel must show (1) "that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms," and (2) "that this error caused [him] prejudice." *United States v. Hurt*, 527 F.3d 1347, 1356 (D.C. Cir. 2008) (citation omitted). Here, assuming *arguendo* for the sole purpose of considering Aguiar's motion for reconsideration, that Aguiar's trial counsel did not show him the plea letter or explain to him that he was not required to cooperate with the government as a condition of accepting the plea, the Court finds that Aguiar cannot demonstrate that he was prejudiced in any way by these actions because the terms were explained to him on the record at the January 31, 2005, status hearing and he maintained that he rejected the plea offer after being fully advised of the terms.

On January 31, 2005, the Court held a status hearing to discuss on the record the plea offers that were extended to Aguiar and his codefendants. As the Court explained, "[T]his is my best way of making sure that everybody is on the same page, that whatever the government has said everybody hears, whatever defense counsel has said and your client, so that there's no issues at a later point." Tr. 15:18-21 (Jan. 31, 2005). The Court also indicated, "All I want to do is to make sure that all of these options are discussed, presented to the defendants and that you have

the option of making your decision about it in consultation with your lawyer."[2] *Id.* at 17:9-13.

During that hearing, the government indicated that the plea offers that were extended did not require the defendants' cooperation. As the prosecutor explained, "One salient point as to all the plea offers that were outstanding at that time was that they did not even require any cooperation on the part of any of these defendants and any new plea offer certainly will." *Id.* at 10:5-8. There was additional discussion of the fact that any future plea offers would have required an element of cooperation. *Id.* at 10:8-1, 10:17-19, 16:10-19. Further, during the discussion of the plea offer specifically extended to Aguiar, the prosecutor stated that no cooperation was required.

> MS. KITTAY [Government counsel]: . . . [H]e was made an offer that he would have at that time had to plea to an information at that time charging the RICO and one count of 924(c).
>
> Mr. Aguiar is charged with having personally participated in four of the bank robberies. The first, third, fourth and fifth. The first and last being in the District of Columbia and the third and fourth being in the District of Maryland. So he also subjects himself to a second prosecution in the District of Maryland.
>
> His offer was to, however, only one count of 924(c) not four and a RICO conspiracy and **he would not have been required to cooperate**.

*Id.* at 33:8-19 (emphasis added).

The parties went on to discuss the sentencing implications both if Aguiar were to accept the plea agreement and if he were to proceed to trial. *See generally id.* at 33:19—36:9. Indeed, the parties discussed different possible calculations under the Sentencing Guidelines, and at one point indicated that if Aguiar was considered a career criminal under the Guidelines, he would

---

[2] The Court specifically noted, "This is so that there – if it doesn't occur, that we go to trial, somebody gets convicted and then afterwards it is raised in a 2255 that they did not get a full discussion of the plea." *Id.* at 15:14-17.

have had a range for a term of imprisonment of 360 months (30 years) to life. *See id.* at 34:9-14. While Aguiar in his motion appears to pick up on this point by discussing a 30-year plea offer, the Court notes that other possible sentences involving longer terms of imprisonment were discussed on the record during that hearing.[3] *See id.* at 34:2-8 (Jan. 31, 2005) (government's estimation that the term of imprisonment would have been 430 to 447 months under the plea agreement); *id.* at 36:3-6 (government's estimation that the term of imprisonment if the matter would proceed to trial would be 457 to 481 months).

Nonetheless, after the terms of the agreement were placed on the record in the presence of both Aguiar and his counsel, Aguiar expressly indicated that he had previously discussed the plea offer with his attorney and decided to reject the plea offer. Specifically, the Court asked Aguiar after the discussion of his potential sentence if he accepted the plea offer:

> THE COURT: Is this the discussion, Mr. Aguiar, that you had with your attorney about the plea offer, the charges and what the best calculation at this point is that the attorney think it is?
>
> DEFENDANT AGUIAR: Yes, Your Honor.

*Id.* at 35:15-19.  Further, after a discussion about Aguiar's potential sentence if he proceeded to trial, the Court again asked Aguiar if he had a discussion with his attorney and if he accepted the plea offer:

> THE COURT: Okay. And is that the discussion that you had with your attorney, Mr. Aguiar?

---

[3] The Court notes that Aguiar also references in his motion a five-year plea offer.  Def.'s Traverse at 5.  However, there is no evidence in the record that Aguiar was ever extended such an offer nor was this alleged offer mentioned in Aguiar's original § 2255 motion or reply to that motion.  *See generally* Def.'s Mot. to Vacate Sentence ("Def.'s Mot."), ECF No. [779]; Def's Memo. in Support of Def.'s Mot., ECF No. [779-4] & [808-1]; Def.'s Response to Govt.'s Opp'n to Mot. ("Def.'s Response"), ECF No. [817].

>  DEFENDANT AGUIAR: Yes, Your Honor.
>
>  THE COURT: Do you have any questions either now of the court or your counsel?
>
>  DEFENDANT AGUIAR: No, Your Honor.
>
>  . . .
>
>  THE COURT: All right. Do you understand what was discussed?
>
>  DEFENDANT AGUIAR: Yes.
>
>  THE COURT: What's your decision in terms of the plea offer whether to accept it or not?
>
>  DEFENDANT AGUIAR: No acceptance.

*Id.* at 36:10-22.

Based on the record from the hearing, the Court finds Aguiar's claim that his trial counsel was ineffective for failing to show him the plea letter provided by the government in response to this Court's order, and for failing to notify him of the fact that he would not have been required to cooperate with the government if he had accepted the plea offer is without merit. It is clear from the record that the pertinent information was provided to him, at the very least, during the January 31, 2005, status hearing. Further, even after a full discussion on the record of the terms of the plea offer, Aguiar confirmed that he had a discussion with his counsel, that he did not have questions, and that he rejected the offer.[4]

---

[4] As the Court noted in its earlier Memorandum Opinion, the terms of the plea offer put on the record during the hearing differed slightly from the terms of the agreement as stated in the plea letter provided by the government. Memo. Op. (Feb. 12, 2015), at 12. Specifically, the prosecutor did not indicate during the hearing that in addition to the RICO charge and the one section 924(c) charge, Aguiar also would have been required to plead guilty to one count of

Moreover, to the extent that Aguiar is now asserting that he would have accepted the terms as stated in the plea letter even though he rejected the plea deal as verbally described by his attorney and discussed on the record at the hearing, this argument is without merit because the plea letter actually prescribes a term of imprisonment longer than 30 years.  In his original § 2255 motion, Aguiar asserted: "My attorney, Mr. Booker informed me verbally that the government had offered me a thirty (30) year plea to resolve my case." Def.'s Mot., Ex. A (Affidavit of Carlos Aguiar), at 1, ECF No. [779-1].  Further, as discussed on the record during the January 31, 2005, hearing, a 30-year term of imprisonment was the *minimum* sentence that was discussed if Aguiar entered in to the plea agreement.  In contrast, the plea letter provides for a longer potential sentence.  As explained in the plea letter, the RICO charge carried *a maximum penalty of life imprisonment*, the § 924(c) charge carried *a mandatory minimum term of 30 years imprisonment and a maximum prison term of life imprisonment which could not run concurrently*, and the felon-in-possession of a firearm charge carried *a maximum term of imprisonment of 10 years*. Govt.'s Resp. to Order of the Court, Ex. A (Sept. 17, 2004 Letter), at 2, ECF No. [852-2].  However, even with his understanding based on his conversation with Mr. Booker and the discussion on the record that the plea offer would have required him to serve only a 30-year term of imprisonment, a term of imprisonment lower than the one described in the plea letter and the lowest in the range discussed on the record during the hearing, Aguiar still rejected the plea offer on the record.  Accordingly, it is clear to the Court that even if Aguiar did not review the written plea letter, he cannot demonstrate that a review of the letter would have

---

felon-in-possession of a firearm. *See id.*  Accordingly, the terms of the plea as placed on the record during the hearing were more favorable to Aguiar and he still indicated that he rejected them after a full discussion.

8

altered his decision to turn down the plea offer on the record during the January 31, 2005, hearing.

The Court cannot conclude that there is a reasonable probability that Aguiar would have accepted the plea offer such that he was prejudiced by counsel's alleged failures because he expressly rejected the plea offer in open court after being presented with the terms of the offer and informed that the plea offer did not require his cooperation. *See Lafler v. Cooper*, -- U.S. --, --, 132 S. Ct. 1376, 1385 (2012) (holding that in order to establish prejudice under the *Strickland* standard, a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that he would have accepted the plea offer).

For foregoing reasons, the Court finds that Aguiar cannot establish that he was prejudiced in any way by the alleged failures of his trial counsel as raised in his motion for reconsideration because he clearly was informed of the pertinent terms of the plea offer and rejected it nonetheless. Accordingly, the Court shall DENY Carlos Aguiar's [867] Traverse to the Government's Answer under 28 U.S.C. § 2255 Motion to Dismiss or Alternative Request for Summary Judgment, which the Court has treated as a motion for reconsideration of its [862] Order denying Aguiar's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. An appropriate Order accompanies this Memorandum Opinion.

*This is a final, appealable order.*

                                                            /s/
                                      **COLLEEN KOLLAR-KOTELLY**
                                      UNITED STATES DISTRICT JUDGE