UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CARLOS AGUIAR, <br><br> Defendant. | Criminal No. 04cr355-03 (CKK) <br> (Civil Action No. 12-1553) |

**MEMORANDUM OPINION & ORDER**
(May 19, 2015)

Presently before the Court is Carlos Aguiar's [875] Motion to Alter or Amend Judgment, requesting that the Court alter or amend its judgment as set forth in its [862] Order and accompanying [863] Memorandum Opinion denying Aguiar's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Upon a searching review of Aguiar's motion, the relevant legal authorities, and the record as a whole, the Court finds no grounds to disturb its previous rulings as laid out in its [862] Order and accompanying [863] Memorandum Opinion of February 12, 2015, as well as its [868] Order and accompanying [869] Memorandum Opinion of February 27, 2015. Accordingly, the Court shall DENY Aguiar's [875] Motion to Alter or Amend Judgment. In addressing the instant motion, the Court has focused on the narrow issues raised by Aguiar in the motion and shall not readdress the other issues discussed in its Memorandum Opinions of February 12, 2015, and February 27, 2015.

In his original § 2255 motion, Aguiar argued that the Court should set aside his conviction and sentence because his trial and appellate counsel rendered him ineffective assistance by allegedly: (1) failing to explain the sentencing consequences of rejecting a plea offer and proceeding to trial; (2) failing to investigate and object to Aguiar's family members being excluded

from the courtroom during jury selection, and failing to object to certain portions of voir dire taking place in the jury room; (3) failing to challenge an alleged constructive amendment to the indictment; (4) failing to raise a duplicity challenge to Counts IV and XI of the indictment; and (5) failing to challenge the jury instruction and verdict form related to Counts IV and XI.  On February 12, 2015, the Court addressed each of Aguiar's claims in its [863] Memorandum Opinion and found each to be without merit.  As such, the Court entered an [862] Order denying Aguiar's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in its entirety.

In the instant motion, Aguiar requests that the Court alter or amend its judgment denying his § 2255 motion pursuant to Federal Rule of Civil Procedure 59(e).  Rule 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Aguiar argues that the Court should reconsider its decision with regard to his § 2255 motion because the Court committed a clear error and abused its discretion in reaching its holding.

Specifically, Aguiar argues that the Court erred by failing to apply the summary judgment standard pursuant to Federal Rule of Civil Procedure 56 to his claims before denying his § 2255 motion. Further, Aguiar asserts that the Court erred in addressing his ineffective assistance of counsel claims by: (1) failing to consider the facts set forth in his Traverse related the government's plea offer that Aguiar rejected; (2) incorrectly concluding that the alleged courtroom closure was trivial; and (3) misconstruing his argument related to the firearms admitted into evidence. Finally, Aguiar argues that the Court prematurely decided not to issue a Certificate of Appealability. The Court shall address each argument in turn.

First, Aguiar argues that the Court applied the incorrect legal standard to its analysis of his claims. Specifically, Aguiar asserts that the Court improperly failed to consider the confines of Federal Rule of Civil Procedure 56, addressing motions for summary judgment. Aguiar argues that "Rule 56 of the Federal Rules of Civil Procedure does not authorize a court to grant a summary judgment motion with outstanding dispute of material facts involved and the Court's determination was made against uncontroverted facts by the United States that establishes counsel's ineffective assistance . . . ." Def.'s Mot. to Alter or Amend Judgment, at 2. As the United States Court of Appeals for the Second Circuit has explained, "[t]he procedure for determining whether a hearing [on a § 2255 motion] is necessary is in part analogous to, but in part different from, a summary judgment proceeding." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009). Specifically, the Second Circuit noted, "[A] district court need not assume the credibility of factual assertions [in a § 2255 motion], as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding." *Id.* at 214.

In addressing his § 2255 motion, the Court did accept all of Aguiar's factual assertions as

3

true for the purposes of its analysis. *See* Memo. Op. (Feb. 12, 2015), at 14 (accepting as true Aguiar's assertion that his trial counsel did not explain the sentencing implications of being convicted of two violations of § 924(c) for the purposes of its analysis); *id.* at 21 (accepting as true the sworn statements in the affidavits related to the alleged courtroom closure for the purposes of its analysis); Memo. Op. (Feb. 27, 2015), at 4 (accepting as true Aguiar's assertion that his trial counsel never showed him the plea letter provided by the government for the purposes of its analysis); *id.* at 7 (noting that even if Aguiar's trial counsel failed to inform him that he would not have had to cooperate to accept the government's plea offer, the record establishes that Aguiar was provided with this information during a hearing and still rejected the plea offer). Nevertheless, relying on the record and the relevant legal authorities, the Court found each claim was without merit. *See* Memo. Op. (Feb. 12, 2015), at 15 (finding that based on the record, Aguiar could not establish that his trial counsel acted in an objectively unreasonable manner by failing to inform him of the sentencing implications of violations to which he was not charged at the time that the plea offer was extended and expired); *id.* at 24, 26 (finding that the alleged courtroom closure was too trivial based on the relevant legal authority to amount to a Sixth Amendment violation); *id.* at 35 (rejecting Aguiar's claim that his trial and appellate counsel improperly failed to object to a constructive amendment to the indictment when the indictment alleged Aguiar's use of both a semiautomatic assault weapon and a machinegun); *id.* at 40-41 (finding that Aguiar's argument that his counsel should have challenged the alleged duplicity of Counts IV and XI was without merit based on the language in the indictment, jury instructions, and verdict form); Memo. Op. (Feb. 27, 2015), at 9 ("The Court cannot conclude that there is a reasonable probability that Aguiar would have accepted the plea offer such that he was prejudiced by counsel's alleged failures

4

because he expressly rejected the plea offer in open court after being presented with the terms of the offer and informed that the plea offer did not require his cooperation."). Accordingly, the Court shall not reconsider its ruling based on Aguiar's argument that the Court should have applied the summary judgment standard set forth in Federal Rule of Civil Procedure 56 because the Court accepted the facts presented by Aguiar as true for the purposes of its analysis. However, in light of the record and the relevant legal authorities, the Court found that Aguiar's arguments were without merit. As such, the Court shall not reconsider its decision to deny Aguiar's claims in his § 2255 without an evidentiary hearing.

Second, Aguiar argues that the Court erred by failing to consider a Traverse and accompanying sworn declaration sent by him to the Court. The Court finds this argument is without merit because it issued another Memorandum Opinion on February 27, 2015, addressing the arguments raised in Aguiar's Traverse and the facts set forth in the accompanying declaration. Specifically, the Court noted that the Traverse was not considered by the Court in its earlier Memorandum Opinion because the Traverse had been mistakenly forwarded by the Clerk's Office to the U.S. Probation Office rather than to the Court. The error was discovered after the Court entered its ruling on Aguiar's § 2255 motion. The Traverse was entered in ECF and the Court issued a Memorandum Opinion treating the Traverse as a motion for reconsideration of its earlier decision denying Aguiar's § 2255 motion. In the Traverse, Aguiar raised three issues related his trial counsel's alleged failure to properly advise him regarding a plea offer that was extended to and rejected by him. Specifically, Aguiar attached a sworn declaration indicating that his trial counsel never showed him the plea letter filed by the government, that his counsel never advised him that the plea offer would not have required him to cooperate with the government, and that he

5

would have accepted the plea offer if he had fully understood the terms of the plea offer. *See* Memo. Op. (Feb. 27, 2015), at 3, ECF No. [869]. Ultimately, the Court found that Aguiar could not establish that he was prejudiced in any way by the alleged failures of his trial counsel as set forth in his motion for reconsideration because he clearly was informed of the pertinent terms of the plea offer on the record during a hearing and rejected the plea offer nonetheless. *Id.* at 4-9. Accordingly, to the extent that Aguiar now argues that the Court erred by failing to consider the arguments raised in his Traverse, the Court finds that that this argument is without merit because the Court did in fact consider all new information raised in the Traverse and still held that Aguiar's ineffective assistance of counsel claim was without merit.[1]

Next, Aguiar argues that the Court incorrectly held that the courtroom closure alleged in Aguiar's § 2255 motion was trivial and, as such, did not amount to a Sixth Amendment violation. Def.'s Mot. to Alter or Amend Judgment, at 4-5. The Court finds no basis to alter or amend its judgment because the Court fully considered Aguiar's arguments and issued detailed findings related to this issue based on the relevant case law. *See* Memo. Op. (Feb. 12, 2015), at 16-27. Aguiar does not raise any new arguments with regard to this issue in the instant motion that have not already been addressed by the Court.

Aguiar's next contention is that the Court missed the crux of his argument with relation to his claim that his trial counsel failed to object to an alleged constructive amendment to the

---

[1] The Court notes that Aguiar's Motion to Alter or Amend Judgment is dated February 27, 2015, the same day that the Court issued the Memorandum Opinion addressing the arguments raised in his Traverse. As such, the Court notes that it is likely that Aguiar had not received the Court's Memorandum Opinion, which was sent to him by mail, at the time that he drafted the Motion to Alter or Amend Judgment.

indictment.  Aguiar argues that the Court did not properly consider his claim in light of the United States Court of Appeals for the Seventh Circuit's opinion in *United States v. Leichtnam,* 948 F.2d 370 (7th Cir. 1991).  Specifically, Aguiar asserts that *Leichtnam* supports the proposition that trial counsel should have raised an objection to the admission of firearms not listed in the indictment. Def.'s Mot. to Alter or Amend Judgment, at 6.  Further, Aguiar argues, "[T]his Court is applying a generic analysis to this claim that only circulates around the point of the violation where counsel did not object to the additional firearms being introduced, the jury would have assume[d] was part of the indictment . . . ." *Id.*

In its Memorandum Opinion, the Court specifically addressed Aguiar's argument that based on *Leichtman*, his trial counsel should have objected to weapons admitted into evidence that did not form the bases of Counts IV and XI, the § 924(c) firearm charges upon which Aguiar was convicted.  Memo. Op. (Feb. 12, 2015), at 33-34.  Indeed, the Court specifically found *Leichtman* distinguishable from the instant action because: (1) the indictment in *Leichtnam* charged the defendant with using and carrying a very specific firearm, the Mossberg rifle recovered during the execution of a search warrant, whereas Aguiar's indictment simply referred to a machinegun, a category of firearms defined by statute and Counts IV and XI included a description of assault weapons with no further designation; (2) unlike in *Leichtnam*, Aguiar was charged with using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) *or* aiding and abetting that offense in violation of 18 U.S.C. § 2, meaning that he could have been held culpable for aiding and abetting his codefendants in relation to firearms that they possessed during the commission of the two bank robberies; and (3) the two handguns that were introduced into evidence in *Leichtnam* were not introduced as proof of any specific charge in the indictment, but

in the instant action, the government introduced several weapons into evidence as part of its proof for the crimes charged against Aguiar and his five other codefendants with whom he was tried. *Id.* Nevertheless, the Court still considered Aguiar's argument and ultimately held that the introduction of the weapons at trial, the jury instructions, and the verdict form did not undercut Aguiar's ability to prepare for trial. *Id.* at 35. The Court further found that the introduction of the weapons at trial, the jury instructions, and the verdict form did not raise double jeopardy concerns because of the specificity of the indictment. *Id.* In its Memorandum Opinion, the Court fully considered Aguiar's argument that his counsel was deficient for failing to object to the introduction of weapons into evidence that were not specifically related to the two § 924(c) charges brought against him in Counts VI and XI. Accordingly, the Court shall not alter or amend its judgment with respect to this issue.

Finally, Aguiar argues that the Court prematurely decided not to issue a Certificate of Appealability. The Court finds this argument is without merit. Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a) (emphasis added). A judge may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, this Court declined to issue a certificate of appealability only after finding that Aguiar had not made a showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further. *See* Memo. Op. (Feb. 12, 2015), at 43-44 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983))).  While Aguiar appears to contend that the Court prematurely denied a certificate of appealability without permitting additional argument on the issue, the Court notes that it may, but is not required to, permit additional briefing on this issue.  Here, in an exercise of its discretion, the Court determined that additional briefing on this issue was not required because Aguiar failed to make a substantial showing of the denial of a constitutional right.  As such, the Court shall not alter or amend its decision not to issue a Certificate of Appealability.

Accordingly, it is, this 19th day of May, 2015, hereby

**ORDERED** that Defendant Carlos Aguiar's [875] Motion to Alter or Amend Judgment is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Opinion & Order to Mr. Aguiar at his address of record.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE